SAVOY, Judge.
Plaintiff brought suit against several defendants, his co-heirs and co-owners, to recover the rental value of a dwelling.
Plaintiff’s petition alleges that he purchased the home at a partition sale between the heirs in April 1955. In the house, and excepted from the partition sale, was the furniture and personal effects of their ancestors in title. These movable items remained in the house and were owned in indivisión by the various co-owners, a one-fifth (%) interest being vested in plaintiff and four-fifths (y$) in the defendants.
Plaintiff further alleged that he communicated with the defendants for months following his acquisition of the real prop *830 erty and requested on various occasions that the movables be removed from the premises; that after the lapse of some months, he notified the defendants in writing that as of March 26, 1956, he intended to charge defendants a monthly rental of $75.00, representing their four-fifths pro-rata share of a total monthly rental of $93.75, if they continued to occupy the dwelling.
Plaintiff further alleged that on September 8, 1956, all but two of the named defendants purchased the movables at a partition sale, at which time the undivided ownership between plaintiff and defendants ceased, and that from September 8th to September 26th, the movables continued to remain in the premises. Plaintiff filed his suit on April 1, 1958.
The specific relief sought by plaintiff is as follows:
a. $407.50 from all of the defendants for rent at the rate of $75.00 per month for the period from March 26, 1956, to September 8, 1956;
b. From the defendants purchasing the movables at partition sale, $59.09 for rent at the rate of $75.00 per months for the period from September 8, 1956, to September 26, 1956; (In his brief, plaintiff asks $37.50 for this item.)
c. Alternatively, and in the event the court held that no rental contract existed as a result of plaintiff’s letter of March 14, 1956, and the continued presence of the movables in the home thereafter, plaintiff seeks to recover each of the amounts enumerated above in qrtantum meruit or implied contract and/or quasi contract.
By way of defense, defendants filed exceptions of no right or cause of action, which were overruled by the lower court.
Defendants also answered plaintiff’s petition, denying that a rental contract existed between themselves and plaintiff; denying that the dwelling had any rental value, due to its state of disrepair; and, alleging that plaintiff, as an undivided owner of the movables, had been uncooperative in their joint efforts to dispose of the movables, thus necessitating the partition action which led to the sale of the movables.
After trial on the merits, the lower court rendered judgment in favor of defendants, dismissing plaintiff’s action, from which judgment plaintiff has perfected this appeal.
The record shows that plaintiff wrote his first letter to the defendants on March 14, 1956. It stated that he wanted full possession of the property, and that on March 26, 1956, he intended to have the movables placed in an old hotel building which was owned in indivisión by the parties.
Plaintiff’s next letter to defendants was dated March 26, 1956, and stated that he had found that the stairway of the hotel building was too narrow to admit the furniture, and that consequently, effective as of that date, he would expect a monthly rental of $75.00 from defendants unless there was an immediate effort to release the house to him. He further requested that defendants have the furniture moved at once.
On April 4, 1956, the attorney for three of the defendants advised plaintiff by letter that his clients were as anxious as plaintiff was to dispose of the movables; that one of the heirs, who lived in Florida, could not come to Alexandria until June, and that without her consent an amicable disposition of the movables could not be made; that if plaintiff could suggest a way to dispose of the movables, he could expect their cooperation; and that, under the circumstances, his clients did not feel obligated to pay rent.
Plaintiff replied to the attorney’s letter on April 5, 1956, stating that he had no suggestions to offer; that no sincere effort had been made to relinquish possession to him; and that he intended to charge rent from March 26, 1956.
On May 16, 1956, plaintiff wrote to all of the defendants, itemizing rent for the *831 two-month period from March 26 to May 26, a total of $150.00, and stating:
“Please arrange to vacate these premises by the expiration of this month’s rent if possible or I will be forced to raise the rent if you hold my premises longer.”
The record also reveals that on March 7, 1956, defendants’ attorney had directed a letter to plaintiff suggesting that the movables be disposed of through a private auction in which the heirs and certain other invited parties would bid on and purchase the movables, which letter plaintiff admitted having received.
In June, 1956, there was a meeting of all co-owners, including the owners from Florida, in the office of plaintiff’s attorney in Alexandria. Among other things, the question of disposing of the movables was discussed. Plaintiff, however, did not attend this meeting.
Two days later, as a pre-arranged followup of the prior meeting, the various co-owners met at the home for a further discussion of disposing of the movables. Plaintiff did not attend that meeting either.
Subsequently, during the summer of 1956, defendants in the case at bar filed a suit for the partition of the movables which resulted in their purchase by certain of the defendants on September 8, 1956.
On September 19, 1956, defendants’ attorney wrote plaintiff to the effect that all movables purchased at the aforesaid partition sale had been removed from the premises.
In deciding this case, the following issues must be determined.
First, did a rental contract arise between plaintiff and defendants. We feel it did not because there was not a meeting of the minds between the parties as shown by the letter of April 4, 1956, from defendants’ attorney to plaintiff.
Second, does plaintiff have a valid claim arising in quasi contract and/or quantum meruit ? In his brief, plaintiff stresses two main principles: That one using and benefiting from the use of another’s property gives rise to recovery by thei owner in quasi contract or quantum meruit; and, that defendants, as plaintiff’s vendors in the partition sale under which plaintiff purchased the old family home, warranted plaintiff’s unimpaired possession thereof. This Court agrees with these principles of law. However, Article 2293 of the LSA-Civil Code of Louisiana, defines quasi contracts, in part, as purely voluntary acts from which there results an obligation to another. In view of the letter of March 7, 1956, prior to plaintiff’s first demand upon defendants, proposing an auction sale, and in view of plaintiff’s failure to attend either of the two family meetings in June, 1956, we are of the opinion that plaintiff himself was as much responsible for the movables, of which he was a co-owner, remaining in the premises as were the defendants. Although he was a co-owner of the movable property, he did not attend the meetings of the other heirs which sought the needed unanimous consent of all the co-owners for an amicable removal of the property in question.
We, therefore, conclude that there is no voluntary act on defendants’ part as contemplated by Article 2293. With respect to defendants’ warranty of possession, Article 1386 of the LSA-Civil Code of Louisiana states that the warranty ceases if co-heir’s eviction is brought about by his own fault. For the reason stated above, we are of the opinion that plaintiff was as much at fault as anyone; and for the same reason, we are of the opinion that his possession was not, in fact, disturbed.
Third, does plaintiff have a valid claim in either contract or quasi contract for the period from September 8, 1956, the date of the partition sale of the movables, to September 19, 1956, the date the movables were removed from the premises ? Due to lack of consent to contract, no contract arose. As to the claim by plaintiff for rental from the *832 time of the sale of the movables on September 8, 1956, to September 19, 1956, the date of their removal from the property in the instant case, plaintiff contends defendants owe him $37.50. Dr. Lacy Bordelon testified that he and the other defendants were given until September 26, 1956, to remove the furniture from the premises, and that the property was actually removed on September 19, 1956. This testimony was not contradicted. In view of the evidence as to this claim, we are of the opinion that plaintiff is not entitled to collect for this item.
For the reasons assigned, the judgment of the lower court is affirmed. All costs of this appeal to be paid by plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.